next case on our calendar and that is Morgan Cartwright v. Dominic D'Alleva only one side is arguing I believe thank you is that you Morgan Cartwright yes it is your honor are you an attorney what was that you're not a lawyer right uh I just passed the bar and got sworn in but I have not got my bar number okay make your argument all right may it please the court my name is Morgan Cartwright on behalf of the plaintiff appellant in cross appellee this case is about financial manipulation conflicts of interest and misrepresentations of a company's financial position in the market I'm going to go spend two minutes on the 10b5 and fraud and then two minutes on the breach of fiduciary duties affirming the trial court in this case would be a very harsh result under 10b5 the materiality in this case comes down to statements that the directors and management of Warren resources made and appellant relies on Novak whereas appellees rely on Lasker and ECAB JP Morgan in Novak the statements were that Ann Taylor's box and hold policies were under control in good shape and at reasonable or expected levels and the court held in Novak that those were material to investors now the court noted the falsity of those statements by citing to the fact that the those assets the box and hold assets were later written down and that an individual in that case was provided in the pleading that stated that the management knew and the court relied on those two things and the court said that a complaint is sufficient when it states either documented evidence of things alleging that the defendants knew or some other statements so in this case the statements were that Warren resources was well positioned to write out market fluctuations and well positioned to successfully navigate the well puffery is something that is more of a misguided optimism or suggesting that you know a take in Lasker for example where the court did hold that these statements were more puffery and in Lasker the statements were that the company's desire to achieve continued prosperity and that's much different than the affirmative financial statements in this case in Lasker the desire to achieve continued prosperity is something that every company is going to say and want and it's easy to see why investors can't rely on that language but a company's affirmative statements that their company has is well positioned to write out market fluctuations is an affirmative statement about the company's position in the market and its ability to meet financial obligations and reasonable investors rely on those statements and I'm proof of that and to hold that these are puffery statements that that no reasonable investor could rely on is a very harsh result because the standard here for materiality is ultimately that no reasonable investor could rely on the statements and as a matter of law I don't think that that can be said as in the supreme court pointed out in mills this is generally meant for the trier of fact so uh in the other case that the appellees rely on eca vjp morgan uh it just doesn't really apply I mean those statements were based on statements on integrity and risk management and there's little application of those statements to this case this case is about financial statements in terms of affirmatively stating that a company can meet its financial obligations and withstand the current market conditions and that's a much different case than the eca so I don't think those statements are very applicable to this case I mean in in that case there's the court also cited to other cases that show further why those are distinguishable they cite to coen v konig where those were misstatements related to an acquisition whereas in the jp morgan case the misstatements were eight years before the acquisition ever take took place and in this case the misstatements were directly after the acquisition took place which is why they were even more material to investors because investors are looking to management to see what the financial status of the company is directly following the acquisition and the the finances of these two uh those statements and I want to turn to see enter really fast before I realize my time's getting short uh the court the trial court never addressed it but defendants brought this up see enter can be established through two things motive or recklessness and I think that the more clear one here is recklessness the reply brief by appellant in pages 11 and 12 lay out why uh the defendants in this case have engaged in reckless conduct of the financial conflicts of interest between these financial institutions during the acquisition and why they knew that this company was not going to survive thereby making their statements false and uh the those conflicts of interest and the recklessness are laid out in the del monte decision and rural uh rural and ems merger case in which uh financial institutions are on both sides of the acquisition and then they're trying to get advising fees and then also other fees associated with the case so uh that type of conduct constitutes recklessness and the defendants in this case knew about it especially considering that uh the financial advisors institutions jeffries switched sides after advising citrus and then advised warren through the bankruptcy I mean these conflicts of interests uh are incredibly important and this was the conflict of interest between bmo capital markets providing the financing for citrus and providing the and advising warren in this case is uh astonishing and it was never disclosed to investors that they're financing both sides of the case or both sides of the acquisition and this allowed them to just funnel money through which is apparent when warren resources then could not pay its interest payments in a matter of months after the acquisition and then in bankruptcy both of these institutions took a piece of the new equity I mean these financial conflicts of interest were not just conflicts of interest but then they profited from taking parts of the new company in bankruptcy I mean this conduct uh is reckless and ultimately that establishes scienter as far as reliance I think amgen is clear that any plaintiff can satisfy reliance through a fraud on the market it'd be very hard to prove direct reliance in an impersonal market warren in this case traded on nasdaq I followed this company intensely and uh I should be able to rely on that doctrine otherwise it should go to the trier of fact to determine whether they thought I relied on management statements which comes down to a fact issue and um and then if your honor will let me I could address breach of fiduciary duties really fast I think you've used up your time but you you argued very well thank you your honor reserved decision we'll look at the places you recommended we look at and we'll decide this uh in due course thank you your honor thank you counsel um the last case on our calendar is on submission so I'll ask the clerk to adjourn court